### WEBER et al. v. WARD BAKING CO. et al.

### WARD BAKING CO. et al. v. WEBER et al.

(Circuit Court of Appeals, Third Circuit.  June 6, 1921.)

#### Nos. 2636 and 2637.

Patents ⬩⟹328—Reissue 11,751, for the making and shaping of dough, held valid and infringed.

Reissue patent No. 11,751, for the making and shaping of dough, held valid and infringed.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Suit by the Ward Baking Company and others against Weber Bros. and others.  From a decree on an accounting, both parties appeal.  Affirmed.

See, also, 230 Fed. 142, 144 C. C. A. 440.

James L. Hopkins, of St. Louis, Mo., for appellants.

Melville Church, of Washington, D. C., Leo J. Matty, of New York City, and Harry B. Rook and Russell M. Everett, both of Newark, N. J., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.  In the court below the Ward Baking Company et al. brought suit against Weber Bros., et al., charging infringement of certain patents.  The case was so proceeded in that a decree was entered in the court below, based on its opinion, which is printed in full on pages 142 to 149, both inclusive, of 230 Fed. (144 C. C. A. 440–447).  From such decree an appeal was taken to this court by the Ward Baking Company in an opinion reported at said 230 Fed. 150, 144 C. C. A. 448.  This opinion, as to the four questions raised by said appeal, which are specified on page 156, affirmed the decision of the lower court.  Pursuant to the decree of the lower court, an accounting was had, and resulted in a money decree against the defendants.  From such decree both parties entered appeal, both of which we consider and dispose of in the present opinion.

Without entering into a present discussion of the somewhat involved status of the patents involved and the proceedings thereon, and referring for such information to the opinions of the lower court and of this court, reported at length in the Federal Reporter referred to, it suffices to say that the questions involved in the appeals now before us may be thus summarized:  On behalf of the defendant, first, is re-

issue patent No. 11,751 valid? and, second, if valid, is it infringed? and on behalf of both plaintiff and defendant, third, should the money judgment on the accounting stand?

Turning to the first and second questions involved, we note that reissue No. 11,751 was granted upon patent No. 675,821, issued September 14, 1897, to Corby for a machine for making and shaping dough. This reissue was the basic patent involved in this litigation, and on its validity and infringement the substantial sum allowed in the accounting depends. Addressing ourselves to that question, we find the dough machine here involved is aptly described in the opinion of the court below as follows:

"The machine of the patent was designed to be used in one of the processes of making bread on a large scale. After the dough has acquired the proper degree of lightness, it is separated into small masses, to be made into loaves for baking. It is the design of the machine of the patent to knead and shape such masses. The machine of the reissued patent may be briefly described thus: Upon a suitable frame a rigid table is constructed, at each end of which is mounted a roller, and over the rollers an endless belt or apron is passed, the upper part of which rests upon and travels over the table. Above the table and the belt is a yieldingly supported pressure board held in place by suitable devices, with means provided for adjusting it toward and away from the table and belt. It is between this pressure board and the belt that the dough is kneaded and shaped as it is carried along by the belt. The batch of dough which is to be so converted into a loaf first passes between a pair of rollers, mounted at the forward end of the frame, by which it is sheeted. At the front entrance of the space between the top of the belt and the under side of the pressure board is a device referred to in the patent as a 'curler.' Its function is to engage the front end of the dough sheet after it has passed between the sheeting rollers onto the carrying belt and retard it sufficiently to start it coiling or rolling up so that the sheeted dough will pass into the space between the traveling belt and the pressure board (which space is greater than the thickness of the sheeted dough) in a coiled or thickened condition, and thus will be kneaded and shaped into a loaf."

The machine is described in combination claim 6 of the reissue which is:

"The combination of a traveling belt, an opposing pressure device, and a curler at the forward end of the latter, substantially as set forth."

The device has proven its worth. It forms loaves with astonishing rapidity and accuracy. It has gone into large use. Its functional novelty and efficiency center in its curler, which was a novel feature in the art. After an examination of the prior art and finding the French patent of 1885 to Dathis was the nearest possible approach, the judge below said:

"There is nothing in the description or drawings of the Dathis patent which in any way suggested such a curler. * * * The two machines, so far as the curler element is concerned, are quite different in principle. I cannot find that the disclosure of the Dathis patent measures up to the rule above stated, nor can I find a substantial identity between the two machines."

We agree with that conclusion. In the work of both plaintiff's and defendant's machine it is the curler that makes a loaf output which was before that time impossible. Its presence in Corby's device and its absence in Dathis makes Corby a great signal success and puts Dathis

out of the Corby class. Without entering into a discussion of the technical grounds on which the reissue is attacked, it suffices to say they are all discussed in the opinion below, and we see no reason for invalidating this reissue either on these technical grounds or on the larger contention that Corby's device did not involve invention or was anticipated. Such being our conclusion, finding the issue valid, and holding as we do that the curler combination on the sixth claim is the functional gist of the defendant's machine, and that from the use of that combination the defendant's machine got its operative value, we are clear that infringement is shown. While the defendant has avoided a formal duplication of the particular embodiment of Corby's device shown in the patent drawing, it has retained all the elements of the combination claim and has used them and Corby's curler to secure the substantial and novel functional results which Corby first disclosed.

Holding, then, that there is infringement, and that such infringement has been of substantial advantage, it follows that the third contention of the defendant, namely, that the substantial money award of the master should be reduced to a nominal one, or that it is based on contributing elements other than Corby's combination, must be denied. And so with the plaintiff's contention that that award must be increased by an interest charge in the nature of a penalty on the ground that the infringement was wantonly deliberate. We find nothing in the case that stamps the infringement as of that type of conduct.

The decree below will therefore be affirmed; each party to pay its own cost of appeal.